CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
JUN 22 2012
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

BONNIE BRADLEY,
Representative of Gerald P. Bradley,
Deceased,

        Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

CASE NO. 5:11CV00100

REPORT AND RECOMMENDATION

By:  B. Waugh Crigler
U. S. Magistrate Judge

This challenge to a final decision of the Commissioner which denied the deceased's March 2, 2009 protectively-filed application for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416 and 423, is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for the disposition of the case. The questions presented are whether the Commissioner's final decision is supported by substantial evidence, or whether there is good cause to remand for further proceedings. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this action from the docket of the court.

In a decision dated December 15, 2010, an Administrative Law Judge ("Law Judge") found that the deceased met the insured status requirements for a period of disability and disability insurance benefits through December 31, 1996.[1] (R. 15.) The Law Judge found that the deceased had not

---

[1] Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). In order to qualify for a period of disability and disability

1

definitively engaged in substantial gainful activity from June 1, 1995, his alleged date of disability onset, through his date last insured ("DLI").[2] (R. 15.) The Law Judge determined the deceased's ischemic heart disease, pulmonary heart disease, hypertension, and obesity were severe impairments. (R. 16.) He also concluded that, through his DLI, the deceased did not suffer an impairment or combination of impairments which met or equaled a listed impairment. (R. 16.) Further, the Law Judge found that, through his DLI, the deceased possessed the residual functional capacity ("RFC") to perform a range of light work with several limitations.[3] (R. 16-18.)

The Law Judge relied on portions of the testimony of Sandra M. Wells-Brown, a vocational expert ("VE"), which was in response to questions premised on the Law Judge's RFC finding. (R. 18-19, 65-69.) Based on this testimony, the Law Judge determined that the deceased was unable to perform his past relevant work as a carpenter, but that a significant number of other representative jobs existed in the national economy which could be performed by a person with the deceased's RFC. (R. 18-19.) Accordingly, the Law Judge found the deceased was not disabled under the Act. (R. 19-20.)

Plaintiff appealed the Law Judge's December 15, 2010 decision to the Appeals Council. (R. 1-9.) While the case was on administrative appeal, additional new evidence was submitted. (R. 5, 1478-1616.) In its August 24, 2011 decision, the Appeals Council considered the additional evidence but found no basis to review the Law Judge's decision. (R. 1-2.) It denied review and adopted the Law Judge's decision as the final decision of the Commissioner. (*Id.*) This action ensued and briefs were filed. The deceased died on December 3, 2011. (Dkt. No. 15, 16.) On April 20, 2012, Bonnie Bradley, the wife of

---

insurance benefits, it must be established that the deceased became disabled prior to the expiration of his insured status, which is December 31, 1996. *See* 20 C.F.R. § 404.131(a); (R. 15.)

[2] The Law Judge indicated that it was unclear whether the deceased was engaging in substantial gainful activity during the relevant period of this case. Therefore, the Law Judge declined to make such a finding and, instead, proceeded with the sequential evaluation. (R. 15-16.)

[3] Light work is defined in 20 CFR § 404.1567(b) as involving lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. A job in this category requires a good deal of walking or standing, or when it involves sitting most of the time, some pushing and pulling of arm or leg controls. The Law Judge included the additional limitations that the deceased needed a sit/stand option, could stand/walk for no more than six hours, and required no ladders, scaffolding, or ramps and only occasional performance of crawling, crouching, kneeling, or stooping. (R. 16.)

2

the deceased, properly was substituted as party plaintiff on suggestion of his death. (Dkt. No. 15, 17.) Oral argument was held by telephone on June 13, 2012.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is defined as evidence, "which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." (*Id.* at 642.) When the Appeals Council considers additional evidence offered for the first time on administrative appeal and denies review, courts must consider the record as a whole, including the new evidence, in determining whether the Law Judge's decision is supported by substantial evidence. *Meyers v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011); *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991).

Plaintiff asserts that her husband was disabled as a matter of law. She claims that his combination of exertional and non-exertional impairments met or medically equaled the criteria of a listed impairment. (Dkt. No. 9, at 2.) She also offers that the Law Judge ignored limitations caused by the side effects of her husband's medications, his inability to sleep, the necessity that he lay down and rest periodically during the day, and the disabling effects of his pain in determining his RFC. (*Id.*) Accordingly, plaintiff would contend that the Law Judge's RFC finding is not supported by substantial evidence. Plaintiff's counsel admitted that the record shows the deceased suffered a heart attack after his DLI, contrary to his testimony before the Law Judge that he suffered a heart attack in 1995. However, he pointed out that the deceased suffered medical impairments other than his heart condition and offers that, though the heart attack occurred after his DLI, his symptoms did not crop up overnight. Furthermore,

counsel offered that the deceased's testimony was credible and reliable, despite the Law Judge's finding that there were inconsistencies in his evidence which detracted from his credibility. (R. 17.) Accordingly, plaintiff asks the court to award benefits or remand the case for further proceedings before the Commissioner.

In opposition, the Commissioner argues that substantial evidence supports the Law Judge's determination that the deceased could perform a range of light work. He points out that plaintiff has provided no objective medical evidence covering the relevant time period and that the evidence actually shows the deceased sustained his heart attack two months after his DLI, rather than in 1995 as he claimed. (Dkt. No. 19, at 7.) Furthermore, the Commissioner points out that the record shows that plaintiff continued working until the date of his heart attack, and that plaintiff even testified that her husband worked for a few months in 2004 and 2005, years after his DLI. (*Id.*) Accordingly, the Commissioner asks the court to affirm his final decision and dismiss this case. (*Id.* at 8.)

It is clear from the record that the deceased suffered from a myocardial infarction on or about March 4, 1997. (R. 405.) This heart attack clearly occurred more than two months after his DLI. (R. 72.) There is also no substantial evidence that any-pre-existing condition seriously interfered with his work or daily activities. At the time of his heart attack, plaintiff was taking no medications, nor was he receiving treatment for any condition. (R. 408-411.) The record reveals that plaintiff had never received a prescription for hypertension and had not sought treatment for chest discomfort for more than a year before his heart attack, all suggesting that his condition was not as severe as to be disabling. (R. 408; 1510.) In a March 4, 1997 report from Rockingham Memorial Hospital, the deceased is reported to have informed the attending physician that he began to notice chest pain in 1996, before his DLI, but that the episodes occurred once every three months and were precipitated by activity. (R. 408.) Further, the attending physician indicated, "The patient states that he went to work as usual this morning…" (R. 408.) A nursing note from March 22, 1997 revealed, "I talked to Mr. Bradley today, and gave him the recommendation that he may delay his return to work until 6/1/97. Mr. Bradley asked if since it was going to be so long until he returned to work and this problem may continue "on and on", if he might be

4

able to apply for partial disability through the Social Security Administration." (R. 992.) This all provides substantial support for the Law Judge's finding that the deceased was regularly working up until the date of his heart attack and long after the expiration of his insured status. Accordingly, there is no indication that any symptoms prevented the deceased from working, at least until his heart attack in March 1997.

In the absence of objective medical evidence showing the nature and extent of his pre-existing condition, as well as its impact on his ability to work, the evidence before the Law Judge substantially supports his findings and conclusions.

Plaintiff's counsel offered that the deceased was credible and reliable, and, accordingly, his testimony regarding his condition should have been given more weight. However, inconsistencies in the deceased's testimony provide substantial evidence in support of the Law Judge's finding that the deceased was not entirely credible. The deceased asserted on numerous occasions that his heart attack occurred in 1995, and that he stopped working the same year. (R. 30-32, 72, 78, 185.) However, the record shows he sustained his heart attack in March of 1997, and there is evidence he was working regularly until that time. Furthermore, the deceased was uncertain of his actual onset date when testifying at the hearing before the Law Judge, even with prompting by his counsel and the Law Judge. (R. 30.) Accordingly, the Law Judge's credibility finding is supported by substantial evidence.

Plaintiff submitted additional evidence to the Appeals Council which reflected his medical treatment prior to the expiration of his insured status. *See* Exhibit No. 17F; (R. 1478-1616.) This evidence includes 1991 diagnostic and treatment notes related to a recurrent umbilical hernia, a ventral hernia, bowel obstruction, and cholelithiasis; and 1994 treatment notes related to a twisted knee. (R. 1530, 1561-1565, 1602.) While this evidence certainly predates the expiration of the deceased's insured status, when viewed in light of the entire record, plaintiff rightly does not contend that any one or more conditions disabled him at that time.[4] (*Id.*) Further, evidence of plaintiff's previous medical history was

---

[4] The record documents that, prior to his heart attack, the deceased had a history of hypertension and lower back problems related to ruptured discs. (R. 1479, 1510-11, 1602.) However, there is

5

in the record before the Law Judge, and it includes discussion of past treatment as reflected in the records submitted on administrative appeal. (R. 405, 1509-1512.) The Law Judge gave the deceased the "benefit of the doubt" in finding that he suffered several severe impairments before the expiration of his insured status. (R. 16.) Nevertheless, there is substantial evidence in record to support the Law Judge's finding that the deceased was not disabled at any time before that date.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, AFFIRMING the Commissioner's final decision, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record.

ENTERED: _____
U.S. Magistrate Judge

Date: June 22, 2012

---

insufficient medical evidence from the relevant period to clearly show that he was significantly impaired by these conditions prior to the expiration of his insured status. The fact that he was on no medications and not receiving active treatment for either condition at the time of his heart attack, and that he was working, all suggest otherwise. (R. 1509-1512.) Thus, the Appeals Council's denial of review notwithstanding the submission of this evidence on administrative appeal is supported by substantial evidence.

6